**In re Thomas M. COVEY d/b/a Tom's Appliance & Refrigeration, Bankrupt.**

**NORTHFIELD SAVINGS BANK**

**v.**

**John F. NICHOLLS.**

**No. B78–20, Civ. No. 78–136.**

United States District Court,
D. Vermont.

May 2, 1979.

Joseph C. Palmisano, Barre, Vt., for Covey.

Peter F. Young, Jr., Young & Monte, Northfield, Vt., for Northfield.

John F. Nicholls, Abare, Donaghy, & Nicholls, Barre, Vt., for respondent.

*Memorandum of Decision*

HOLDEN, Chief Judge.

This proceeding is presented by way of a petition for review of the decision of the

Bankruptcy Court, Honorable Charles J. Marro, ordering dismissal of the Northfield Savings Bank to reclaim a 1974 Dodge pick-up truck from the estate of the bankrupt, Thomas M. Covey. By agreement of counsel, the case was submitted without hearing in this court on the record and written memoranda of law. The facts are not in dispute and are agreed by the parties. The narrow question for review is whether the Bank had perfected a security interest in the subject vehicle.

On May 27, 1976, the Northfield Savings Bank (hereinafter "Bank") extended credit to Thomas and Gloria Covey in order that they might purchase a 1974 Dodge pickup truck. To secure the loan of $3,100 the Bank took a lien upon real property owned by the Coveys, rather than a security interest in the truck to be purchased. The Bank issued a check for the purchase price, payable to Dion Motors, the seller of the vehicle. The seller, assuming that the Bank had a security interest in the truck, listed the Bank as a first lienholder on the application for Certificate of Title. On June 17, 1976, the Commissioner of Motor Vehicles issued and sent to the Bank a Certificate of Title for the vehicle, indicating that the Bank was the first lienholder as of May 27, 1976. The agreed facts establish that there was no lien on the truck on that date. At that time neither the Bank nor the owners intended to create a security interest in the property. The reference to the Bank as first lienor was done at the instance of the seller through a misunderstanding.

On September 1, 1976, the Coveys gave a second promissory note and entered a security agreement, giving the Bank a security interest in the Dodge truck in the amount of $3,100. It was the intent of the parties to this transaction to substitute the security agreement on the truck for the security provided by the real estate mortgage given by the Coveys in May. The new loan was given to pay the original mortgage obligation. The bankrupt is indebted to the plaintiff on the September loan in the amount of $1,805. The Bankruptcy Judge held that since the Bank failed to file the application listing September 1 as the date of its lien, its security interest was not perfected. It is from this ruling that the Bank appeals.

The Bank argues that its failure to file is a minor error resulting in neither prejudice nor hardship to other creditors. Since the existing Certificate of Title was sufficient to put any subsequent purchaser, creditor, or lienholder of the bankrupt on notice as to the existence of the Bank's security interest, it should be regarded as having a perfected security interest in the truck. The Bank contends that this "accommodation" would not undermine the constructive notice policy of the Uniform Commercial Code's general scheme regarding the perfection of security interests.

Since the Dodge truck was a model subsequent to the year 1971, a certificate of title was required at the time of its registration. 23 V.S.A. § 2013(a). When the certificate was issued by the commissioner there was no security interest in the vehicle since the parties had entered no agreement to this effect. It was not until the following September that the Bank and the Coveys sought to create a security interest in the subject property.

The Vermont Motor Vehicle law imposes certain duties on the parties who seek to create a security interest in a previously registered vehicle. 23 V.S.A. § 2043. Added 1969, No. 297 (Adj.Sess.), § 1, eff. Sept. 1, 1971:

> If an owner creates a security interest in a vehicle:
>
> (1) The owner shall immediately execute the application, in the space provided therefor on the certificate of title or on a separate form the commissioner prescribes, to name the lienholder on the certificate, showing the name and address of the lienholder and the date of his security agreement, and cause the certificate, the application and the required fee to be delivered to the lienholder.
>
> (2) The lienholder shall immediately cause the certificate, the application and the required fee to be mailed or delivered to the commissioner.

The statute further provides the method of perfecting the interest.

§ 2042. *Perfecting security interest*

(a) Unless excepted by section 2041 of this title, a security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this subchapter.

(b) A security interest is perfected by the delivery to the commissioner of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if delivery is completed within ten days thereafter, otherwise as of the time of the delivery.

It is established in the record submitted for review that these statutory demands were not met. Although there is nothing ambiguous about these provisions, the appellant urges that the court should apply the principles and precepts of the Uniform Commercial Code, specifically 9A V.S.A. § 9–203. The Uniform Commercial Code was enacted in 1966; the pertinent provisions of the Motor Vehicle law were added in 1969 for effect in 1971. And the lawmakers, in the subsequent legislation, specifically provided:

The method provided in this subchapter of perfecting and giving notice of security interests subject to this subchapter is exclusive. Security interests subject to this subchapter are hereby exempted from the provisions of law which otherwise require or relate to the filing of instruments creating or evidencing security interests.

23 V.S.A. § 2047. Added 1969, No. 297 (Adj.Sess.), § 1, eff. Sept. 1, 1971. See also 1972 Op.Atty.Gen. 348.

 In the face of the explicit statutory commands, essential for the creation and perfecting of a security interest in a previously registered motor vehicle, reliance on statutory construction of concepts of the Uniform Commercial Code is misplaced. In the absence of a validly created security interest in the motor vehicle, the appellant's argument that its security interest in the truck "relates back" to the time of its creation within the provisions of 23 V.S.A. § 2042(b) is not persuasive. There was no delivery to the commissioner of any application concerning the security agreement of September 1, 1976. Prior to that date the parties had no intention of creating a lien on the vehicle. Although the parties undertook to create a security interest in the property by their September agreement, the interest was never perfected within the provisions of the statute for the reason that no application concerning the newly created lien was ever delivered to the commissioner.

The order of the Bankruptcy Judge is affirmed.